Dear Mr. Burl,
As a member of the St. John the Baptist School Board, you have requested an opinion of this office regarding the use of public funds to pay for or reimburse the legal fees incurred by a fellow school board member. Specifically, you ask, "if a [school board] member meets all the requirements of the position of a school board member . . . and someone files a politically motivated/meritless complaint, can the official be reimbursed by the school board for attorney's fees the member had to pay to prove his innocence related to the complaint?"
This office has consistently opined that when a local public official has been sued for civil damages or has been the subject of a prosecution of criminal charges arising out of the performance of the official functions of his office, and the judgment or prosecution results in an acquittal or dismissal, the public official's legal fees may be paid or reimbursed from public funds, provided the legal fees and expenses are reasonable and necessary. See Atty. Gen. Op. Nos. 08-0319, 07-0045, 01-94, 99-180, 94-384, 87-699, 80-105.[1]
Our office has determined that using public funds to pay for or reimburse legal fees incurred by a public official who has been the subject of a civil suit or of prosecution of criminal charges arising out of the performance of the official functions of his office (and the prosecution results in an acquittal or dismissal) does not violate La.Const. art. VII, Sec. 14. As stated in Atty. Gen. Op. No. 08-0319:
 Public officials are more prone to having frivolous lawsuits filed against them than ordinary citizens and must defend themselves regardless of the merit of the lawsuit. If a public official who *Page 2 
successfully defended himself from a civil claim or from criminal charges filed as a result of the performance of his public duties had to pay his fees with personal funds, it would severely limit the number of people who would run for (and remain in) public office. Atty. Gen. Op. No. 83-611. Allowing public funds to be used to pay or reimburse legal fees incurred in successfully defending oneself encourages individuals to seek or remain in public office with the assurance that if they are force to defend their actions while serving in their official capacity, they would be entitled to reimbursement upon exoneration. See Atty. Gen. Op. Nos. 90-38, 80-105, 79-349A. This, in turn, gives the electorate a greater choice in who to elect to public office.
Accordingly, it is the opinion of this office that a school board member who has been sued for civil damages for actions arising out of the performance of the official functions of his office, and the defense of the suit results in a dismissal or final judgment in favor of the board member, the school board member's legal feesmay be paid or reimbursed from public funds, provided the legal fees and expenses are reasonable and necessary.
In the event the school board decides to reimburse the board member for the legal fees he incurred, you have asked whether the payment should be made to the board member in the form of a reimbursement or whether the school board may pay the attorney directly. The school board has the discretion to determine whether to reimburse the board member or to pay the attorney directly, but payment should only be made after the school board has thoroughly reviewed the attorney's bill, including the number of hours worked and rate charged, and determined that the fees were reasonable and necessary.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] Cf. Atty. Gen. Op. No. 89-401, which determined that a public official acting beyond the course and scope of his duties is not entitled to attorney's fees for the defense of civil or criminal actions brought against him.